RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2018 JAN -5  PM 12: 32
TAMPA DIVISION

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

| | |
|---|---|
| CHRISTINA KOVITCH, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 8:18-cv- 43 -T- 27M AP |
| PUBLIX SUPER MARKETS, INC., a Florida limited liability company, | Judge: |
| Defendant. | Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, CHRISTINA KOVITCH ("KOVITCH" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for unpaid overtime.

### PARTIES

2. The Plaintiff, CHRISTINA KOVITCH ("KOVITCH") is an individual and a resident of Florida who at all material times resided in Sarasota County, Florida and at all times had enterprise and individual coverage under the FLSA during her employment with the Defendant. At all material times, KOVITCH was employed by the Defendant as a "bakery manager." As part of her job duties, KOVITCH participated in the flow of interstate commerce by virtue of her ordering raw materials from out of state and unloading such goods when they arrived at her store. KOVITCH performed work in Sarasota County, Florida, which is within the



1

Middle District of Florida, during the events giving rise to this case. **KOVITCH** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **PUBLIX SUPER MARKETS, INC.** ("Defendant") is a Florida corporation and has a principal place of business located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811. The Defendant has gross revenues well in excess of $500,000.00 annually, has supermarkets throughout the southeastern United States and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **KOVITCH**. The Defendant supervised and controlled **KOVITCH**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **KOVITCH**. The Defendant maintains employment records of **KOVITCH**. The Defendant was the employer of **KOVITCH**.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since the action accrued in Sarasota County, which is within the Fort Myers Division.

## **GENERAL ALLEGATIONS**

6. **KOVITCH** began her employment with the Defendant on November 4, 1994.

7. **KOVITCH** remains employed with the Defendant as a "bakery manager."

8. However, **KOVITCH**'s primary job duties consist of providing customer service (including greeting customers and responding to questions), selling products by providing customers with information needed to make product-related decisions, reading and understanding recipes, preparing baked goods, loading and unloading large baking ovens, and operating other bakery equipment. **KOVITCH**'s primary job duties are not office or non-manual work and her position does not require even a high school diploma or GED.

9. Notwithstanding **KOVITCH**'s job duties, the Defendant has classified her as exempt under the FLSA.

10. However, **KOVITCH** was not exempt under the FLSA, but rather was an hourly employee because her primary job duties are not office or non-manual work.

11. **KOVITCH** has been required by the Defendant to work 45-hours per week for at least the past 3-years, without proper overtime compensation.

12. **KOVITCH** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work off-the-clock in violation of the FLSA because **KOVITCH** performed work for the benefit of the Defendant for which she was not compensated. To the extent that such work is performed during a work week in which **KOVITCH** has, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times **KOVITCH**'s regular hourly wage rate.

13. The Defendant misclassified **KOVITCH** as FLSA-exempt, despite **KOVITCH**'s written objections to this misclassification.

14. The Defendant has failed to act in good faith and did not have a reasonable belief it had complied with the FLSA.

15. The Defendant has violated the FLSA by failing to pay overtime wages to **KOVITCH**.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

16. The Plaintiff hereby incorporates Paragraphs 1-15 in this Count as though fully set forth herein.

17. **KOVITCH** was actually a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

18. The Defendant was required by the FLSA to pay **KOVITCH** at least time and one-half for all hours worked by **KOVITCH** in excess of 40 hours per week.

19. The Defendant had operational control over all aspects of **KOVITCH**'s day-to-day functions during her employment, including compensation.

20. The Defendant was **KOVITCH**'s "employer" and is liable for violations of the FLSA in this case.

21. The Defendant violated the FLSA by failing to pay **KOVITCH** at least time and one-half for all hours worked over 40 per week.

22. The Defendant has willfully violated the FLSA in refusing to pay **KOVITCH** proper overtime for all hours worked over 40 per week.

23. As a result of the foregoing, **KOVITCH** has suffered damages of lost wages.

24. The Defendant is the proximate cause of **KOVITCH**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: December 29, 2017

/s/ Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com